IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS LLC, | § § | Case No. 2:21-cv-316 |
| Plaintiff, | § § | PATENT CASE |
| v. | § § | |
| AT&T MOBILITY LLC, | § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § | |

**AT&T MOBILITY LLC'S ANSWER TO FINESSE WIRELESS LLC'S COMPLAINT**

Defendant AT&T Mobility LLC, by and through the undersigned counsel, hereby files its Answer to Plaintiff Finesse Wireless LLC's ("Finesse") Complaint alleging patent infringement relating to U.S. Patent Nos. 7,346,134 and 9,548,775 against Defendant AT&T Mobility LLC ("AT&T"). Each of the paragraphs below correspond to the same-numbered paragraphs in the Complaint. AT&T denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below. The headings used below are for convenience only and are not to be construed as admissions of any fact. AT&T reserves the right to raise additional defenses based on discovery and further factual developments in this case. AT&T states as follows:

**BACKGROUND**

1. AT&T admits that the Complaint purports to assert causes of action for infringement of United States Patent Nos. 7,346,134 ("the '134 Patent") and 9,548,775 ("the '775 Patent") (collectively, "the Asserted Patents"). AT&T denies that the Complaint properly states a claim for relief and further denies any wrongdoing or infringement. AT&T is without information sufficient

to form a belief as to the truth or falsity of the remaining allegations in Paragraph 1 of the Complaint, and therefore denies them.

## THE PARTIES

2.     AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 of the Complaint, and therefore denies them.

3.     AT&T admits that it is a Delaware limited liability company and has a principal place of business at 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319.  AT&T admits that it conducts business in this District.  AT&T admits that it may be served through its registered agents The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 and C T Corporation System, 1999 Bryan Street Suite 900, Dallas, Texas 75201.  AT&T denies the remaining allegations in Paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.     AT&T admits that the Complaint purports to bring an action for infringement under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq*.  AT&T admits that pursuant to 28 U.S.C. §§ 1331 and 1338(a), to the extent Plaintiff owns the Asserted Patents, this Court has subject matter jurisdiction over actions arising under the patent laws of the United States.

5.     To the extent the allegations in Paragraph 5 of the Complaint set forth legal conclusions, no response is required.  AT&T does not dispute that this Court has personal jurisdiction over AT&T for purposes of this action.  AT&T admits that it does business in this District and derives revenues from business conducted in this District but denies any allegation of wrongdoing or infringement.  AT&T denies the remaining allegations in Paragraph 5 of the Complaint.

6.     To the extent the allegations in Paragraph 6 of the Complaint set forth legal conclusions, no response is required.  AT&T does not dispute venue in this District for purposes

of this action pursuant to 28 U.S.C. §§ 1391 and 1400(b) but denies that it is the most convenient forum.

7. To the extent the allegations in Paragraph 7 of the Complaint set forth legal conclusions, no response is required. AT&T admits that it does business in this District and has retail stores that conduct sales and provide customer service, and that AT&T has cellular base stations at sites in this District, but AT&T denies any allegation of wrongdoing or infringement. AT&T denies the remaining allegations in Paragraph 7 of the Complaint.

8. To the extent the allegations of Paragraph 8 of the Complaint set forth legal conclusions, no response is required. AT&T admits that it has retail stores and cellular base stations in this District. AT&T also admits that its website displays information for retail stores in this District including at 4757 South Broadway Avenue, Tyler, Texas 75703; 2028 Southeast Loop 323, Tyler, Texas 75701; and 8922 South Broadway Avenue Ste. 112, Tyler, Texas 75703. AT&T denies the remaining allegations in Paragraph 8 of the Complaint.

9. AT&T admits that it has a registered agent C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201. AT&T denies the remaining allegations in Paragraph 9 of the Complaint.

10. AT&T admits that it has a location in Plano, Texas referred to as an "AT&T Foundry." AT&T denies the Complaint's characterization of the activities performed there, and AT&T further denies any allegation of wrongdoing or infringement. AT&T denies the remaining allegations in Paragraph 10 of the Complaint.

11. AT&T admits that it did not contest venue and that it transacted business in this District for the limited purposes of the specific cases cited in Paragraph 11 of the Complaint. AT&T denies any remaining allegations in Paragraph 11 of the Complaint.

12.     AT&T admits that it does business in this District and derives revenues from business conducted in this District including through providing phones and other services at its retail stores in the District.  AT&T denies the remaining allegations in Paragraph 12 of the Complaint.

### DEFENDANT'S MOBILE NETWORK

13.     AT&T admits that it operates a telecommunications network that provides telecommunication services to mobile subscribers, that that the provision of that service involves, in part, the use of base stations located in this District and in other locations in the United States. AT&T denies the remaining allegations in Paragraph 13 of the Complaint and specifically denies that it has provided any infringing product or service as alleged in the Complaint.

14.     AT&T admits that it operates a telecommunications network that facilitates communications with subscribers' mobile devices.  AT&T admits that its telecommunications network includes base stations that are compatible with certain aspects of the 4G/LTE or 5G standards.  AT&T also admits that its subscribers use phones that are capable of communicating with those base stations and are compatible with certain aspects of the 4G/LTE or 5G network standards.  AT&T denies the remaining allegations in Paragraph 14 of the Complaint.

15.     AT&T admits that its website contains, among other statements, the statement "We cover more than 99% of the U.S. population."  AT&T admits that its website contains, among other statements, the statement "AT&T didn't build the best network by accident. We built it by continually investing billions of dollars in expanding our coverage and improving our LTE network for customers. Because of these investments, our LTE network now covers more than 99 percent of United States. We are also investing in building out our 5G network, to help usher in the next generation of wireless technology."  AT&T denies any remaining allegations in Paragraph 15 of the Complaint.

16. AT&T admits that its website provides a coverage map identifying available cellular network speeds by location. AT&T admits that cities in this District are identified on the coverage map as having 4G/LTE and/or 5G coverage, including Marshall, Beaumont, Lufkin, Sherman, Tyler, and Texarkana. AT&T denies the remaining allegations in Paragraph 16 of the Complaint.

17. AT&T admits that its website contains, among other statements, the statement "Our connectivity needs are changing, and AT&T is working to bring the amazing capabilities of 5G across the nation. 5G stands for fifth-generation cellular wireless technologies, and it is the next generation of mobile tech. Downloading large files to your phone can take a long time. 5G will provide increased data speeds compared to 4G, allowing you to download games, movies, TV shows and more, faster than before. 5G will also decrease latency. Latency is the time it takes between sending and receiving information. For gamers this will mean improved connectivity, smoother graphics and more responsive gameplay. Learn more about AT&T 5G availability, 5G capable phones, and unlimited data plans with 5G access." AT&T denies any remaining allegations in Paragraph 17 of the Complaint.

**INTERFERENCE FROM PASSIVE INTERMODULATION**

18. This paragraph is vague and ambiguous as written, and AT&T is therefore without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, and therefore denies them.

19. This paragraph is vague and ambiguous as written, and AT&T is therefore without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore denies them.

20. This paragraph is vague and ambiguous as written, and AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore denies them.

21. This paragraph is vague and ambiguous as written, and AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore denies them.

22. This paragraph is vague and ambiguous as written, and AT&T is therefore without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore denies them.

23. AT&T denies that "[t]here is no known filtering technique that will not damage the signal of interest" with respect to its telecommunications network. This paragraph is otherwise vague and ambiguous as written, and AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore denies them.

24. AT&T denies the allegations in Paragraph 24 of the Complaint.

## COUNT I – ALLEGED INFRINGEMENT OF THE '134 PATENT

25. AT&T incorporates by reference its responses to the allegations in each preceding paragraph as if fully set forth herein.

26. AT&T admits that '134 Patent is titled "Radio Receiver," indicates on its face that it issued on March 18, 2008, and that a copy of what appears to be the '134 Patent is attached as Exhibit 1. AT&T denies the remaining allegations of Paragraph 26.

27. AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 27 of the Complaint, and therefore denies them.

28. AT&T denies the allegations in Paragraph 28 of the Complaint.

29. AT&T admits that the quoted text in Paragraph 29 of the Complaint appears in the '134 Patent as claim 1. AT&T denies that claim 1 is valid or enforceable.

30. AT&T denies the allegations in Paragraph 30 of the Complaint.

31. AT&T denies the allegations in Paragraph 31 of the Complaint.

32. AT&T denies the allegations in Paragraph 32 of the Complaint.

33. AT&T denies the allegations in Paragraph 33 of the Complaint.

34. AT&T denies the allegations in Paragraph 34 of the Complaint.

35. AT&T denies the allegations in Paragraph 35 of the Complaint.

36. AT&T denies the allegations in Paragraph 36 of the Complaint.

37. AT&T denies the allegations in Paragraph 37 of the Complaint.

38. AT&T denies the allegations in Paragraph 38 of the Complaint.

39. AT&T denies the allegations in Paragraph 39 of the Complaint.

40. AT&T denies the allegations in Paragraph 40 of the Complaint.

41. AT&T denies the allegations in Paragraph 41 of the Complaint.

42. AT&T denies the allegations in Paragraph 42 of the Complaint.

43. AT&T admits that it became aware of the existence of the '134 Patent on or around the date it was served with the Complaint. AT&T denies the remaining allegations in Paragraph 43 of the Complaint.

## COUNT II – ALLEGED INFRINGEMENT OF THE '775 PATENT

44. AT&T incorporates by reference its responses to the allegations in each preceding paragraph as if full set forth herein.

45. AT&T admits that the '775 Patent is titled "Mitigation of transmitter passive and active intermodulation products in real and continuous time in the transmitter and co-located receiver," indicates on its face that it issued on January 17, 2017, and that a copy of what appears to be the '775 Patent is attached as Exhibit 2. AT&T denies the remaining allegations in Paragraph 45 of the Complaint.

46. AT&T is without information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Complaint, and therefore denies them.

47. AT&T denies the allegations of Paragraph 47 of the Complaint.

48. AT&T admits that the quoted text in Paragraph 48 of the Complaint appears in the '775 Patent as claim 1. AT&T denies that claim 1 of the '775 patent is valid or enforceable.

49. AT&T denies the allegations in Paragraph 49 of the Complaint.

50. AT&T denies the allegations in Paragraph 50 of the Complaint.

51. AT&T denies the allegations in Paragraph 51 of the Complaint.

52. AT&T denies the allegations in Paragraph 52 of the Complaint.

53. AT&T denies the allegations in Paragraph 53 of the Complaint.

54. AT&T denies the allegations in Paragraph 54 of the Complaint.

55. AT&T denies the allegations in Paragraph 55 of the Complaint.

56. AT&T denies the allegations in Paragraph 56 of the Complaint.

57. AT&T denies the allegations in Paragraph 57 of the Complaint.

58. AT&T denies the allegations in Paragraph 58 of the Complaint.

59. AT&T denies the allegations in Paragraph 59 of the Complaint.

60. AT&T denies the allegations in Paragraph 60 of the Complaint.

61. AT&T admits that it became aware of the existence of the '775 Patent on or around the date it was served with the Complaint. AT&T denies the remaining allegations in Paragraph 61 of the Complaint.

## DEMAND FOR JURY TRIAL

62. AT&T admits that the Complaint sets forth a demand for a jury trial pursuant to Federal Rule of Civil Procedure 38.

## ALLEGED FEES AND COSTS

63.  AT&T denies the allegations in Paragraph 63 of the Complaint.

## FINESSE'S PRAYER FOR RELIEF

AT&T denies the allegations set forth in Plaintiff's Prayer for Relief, and AT&T further denies that Plaintiff is entitled to any relief whatsoever, including any of the relief sought in paragraphs a-e of its prayer for relief.  Plaintiff's prayer should be denied in its entirety and with prejudice, and Plaintiff should take nothing.

## DEFENSES

Further answering the Complaint and as additional defenses thereto, AT&T asserts the following defenses.  AT&T reserves the right to add additional defenses and/or supplement its defenses as its investigation continues and as discovery progresses.  AT&T therefore reserves its right to amend this Answer, including by asserting additional defenses as discovery progresses.

## FIRST DEFENSE (Non-Infringement)

AT&T does not infringe any claim of the Asserted Patents in any manner under 35 U.S.C. § 271, literally or under the doctrine of equivalents, directly or indirectly.  AT&T has not performed any act in violation of any rights belonging to Finesse.

## SECOND DEFENSE (Invalidity)

Each and every claim of the Asserted Patents is invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including but not limited to the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and 112.  For example, each claim is invalid as claiming concepts already known to the public at the time of the alleged invention.  As another example, the claims are not eligible for patent because they are directed to ineligible subject matter.

### THIRD DEFENSE (Prosecution History Estoppel and Disclaimer)

Finesse's claims are barred, in whole or in part, by the doctrines of prosecution history estoppel and/or disclaimer.

### FOURTH DEFENSE (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.  For example, Finesse's Complaint fails to plead its claim for patent infringement with the specificity required under the *Iqbal/Twombly* pleading standard.

### FIFTH DEFENSE (Failure to Mark)

To the extent Finesse has licensed the Asserted Patents, Finesse's claims for damages are statutorily limited under 35 U.S.C. §§ 286 and 287.

### SIXTH DEFENSE (Attorneys' Fees and Costs)

Finesse cannot show this is an exceptional case, and therefore has no basis to recovery of attorneys' fees and cannot recover costs as a matter of law.

### SEVENTH DEFENSE (License, Implied License, Exhaustion)

Finesse's claims are barred, in whole or in part, by the doctrines of license, implied license, and/or exhaustion.  For example, Finesse's claims are barred to the extent that its allegations rely on the operation of any licensed product or service.

### EIGHTH DEFENSE (Acts of Others)

Finesse's claims against AT&T are barred because Finesse's damages, if any, were caused by acts of others and not by AT&T and the alleged acts of infringement were performed by others and not AT&T.

### NINTH DEFENSE (Ensnarement)

Finesse cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the accused products because such an asserted claim scope would encompass or ensnare the prior art.

### TENTH DEFENSE (No Willful Infringement)

Finesse is not entitled to enhanced damages under 35 U.S.C. § 284 because Finesse has failed to meet, and cannot meet as a matter of law, the requirements for willful infringement.

### ELEVENTH DEFENSE (Lack of Standing)

To the extent that Finesse did not, or does not, hold all substantial rights, title, and interest to any of the Asserted Patents at the time the Complaint was filed, Finesse lacks proper standing to bring, or maintain, an action for patent infringement based on the Asserted Patents.

### TWELFTH DEFENSE (No Equitable Entitlement to Injunctive Relief)

Finesse is not entitled to injunctive relief at least because any alleged injury to Finesse is not immediate or irreparable, and Finesse has an adequate remedy at law for its claims.  Finesse will not be able to demonstrate (1) irreparable injury, (2) that damages are inadequate remedies, (3) that an equitable remedy is appropriate on balance, and (4) that the public interest would not be disserved by the issuance of an injunction.

### THIRTEENTH DEFENSE (Reservation of Rights)

AT&T has insufficient knowledge or information upon which to form a belief as to whether it may have yet unstated separate and additional defenses available.  AT&T reserves the right to amend this Answer to add, delete, or modify defenses based upon legal theories, which may or will be divulged through clarification of Finesse's claims, through discovery, or through further legal analysis of Finesse's claims and positions in this litigation.

## COUNTERCLAIMS

64.     Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Counter-Plaintiff AT&T asserts the following Counterclaims against Finesse (hereinafter, "Counter-Defendant").

## PARTIES

65.     AT&T Mobility LLC is a Delaware limited liability company.

66.     Finesse has stated that it is a Delaware limited liability company with a principal place of business at 2689 Sackett Drive, Park City, Utah 84098.

67.     Counter-Defendant Finesse claims to be the owner of U.S. Patent Nos. 7,346,134 ("the '134 Patent") and 9,548,775 ("the '775 Patent") (collectively, the "Asserted Patents").

## JURISDICTION AND VENUE

68.     This is an action for a declaration that each and every claim of the Asserted Patents is invalid, unenforceable, and not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. § 101, *et seq*.  Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, Title 28, United States Code §§ 2201 and 2202, and under Title 28, United States Code §§ 1331 and 1338(a).

69.     An actual, substantial, and continuing controversy exists between Counter-Plaintiff AT&T and Counter-Defendant Finesse with respect to which AT&T requires a declaration of its rights by the Court.  Specifically, the controversy relates to the invalidity, unenforceability, and non-infringement of the Asserted Patents, and to Counter-Defendant Finesse's right to threaten and/or maintain a suit against Counter-Plaintiff AT&T for alleged infringement of the Asserted Patents.

70.     Under 28 U.S.C. §§ 1391 and 1400(b), venue is proper for Counter-Plaintiff AT&T's counterclaims against Counter-Defendant Finesse.

71. Counter-Plaintiff AT&T brings the following counterclaims against Counter-Defendant Finesse:

## COUNT I
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '134 PATENT

72. Counter-Plaintiff AT&T realleges and incorporates by reference the allegations made in Paragraphs 64-71 as though fully set forth here.

73. This is an action for declaratory judgment of non-infringement of the '134 Patent.

74. Counter-Plaintiff AT&T has not infringed and does not infringe any claim of the '134 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

75. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T and Counter-Defendant Finesse as to whether AT&T has infringed or infringes any claim of the '134 Patent.

76. Counter-Plaintiff AT&T requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 72-75 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '134 PATENT

77. Counter-Plaintiff AT&T realleges and incorporates by reference the allegations made in Paragraphs 64-71 as though fully set forth here.

78. This is an action for declaratory judgment of invalidity of any and all claims of the '134 Patent.

79. The '134 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

80. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T and Counter-Defendant Finesse as to whether there exists any valid claim of the '134 Patent.

81. Counter-Plaintiff AT&T requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 77-80 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT III
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '775 PATENT

82. Counter-Plaintiff AT&T realleges and incorporates by reference the allegations made in Paragraphs 64-71 as though fully set forth here.

83. This is an action for declaratory judgment of non-infringement of the '775 Patent.

84. Counter-Plaintiff AT&T has not infringed and does not infringe any claim of the '775 Patent literally, directly, indirectly, willfully, or under the doctrine of equivalents.

85. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T and Counter-Defendant Finesse as to whether AT&T has infringed or infringes any claim of the '775 Patent.

86. Counter-Plaintiff AT&T requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 82-85 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## COUNT IV
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '775 PATENT

87. Counter-Plaintiff AT&T realleges and incorporates by reference the allegations made in Paragraphs 64-71 as though fully set forth here.

88. This is an action for declaratory judgment of invalidity of any and all claims of the '775 Patent.

89. The '775 Patent, and each claim thereof, is invalid for failure to comply with one or more of the conditions and requirements for patentability set forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

90. There is an actual controversy within the meaning of 28 U.S.C. §§ 2201 and 2202, between Counter-Plaintiff AT&T and Counter-Defendant Finesse as to whether there exists any valid claim of the '775 Patent.

91. Counter-Plaintiff AT&T requests a judicial determination and declaration of the respective rights and duties of the parties on the disputes recited in Paragraphs 87-90 above. Such a determination and declaration are necessary and appropriate at this time so that the parties may ascertain their respective rights and duties in this regard.

## ATTORNEYS' FEES

92. This action qualifies as an exceptional case, supporting an award of reasonable attorneys' fees, costs, and expenses for Counter-Plaintiff AT&T against Counter-Defendant Finesse pursuant to 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

93. AT&T requests a trial by jury of all issues in this action triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, AT&T prays that this Court enter a judgment in its favor and against Finesse as follows:

  A. Entry of judgment in favor of AT&T and against Finesse thereby fully and finally dismissing Finesse's Complaint in its entirety, with prejudice, with Finesse taking nothing by way of its claims;

B. A declaration that AT&T does not infringe, under any theory, any valid claim of the asserted patents;

C. A declaration that each of the claims of the asserted patents is invalid;

D. A declaration that this is an exceptional case under 35 U.S.C. § 285 and an award to AT&T of its costs, attorney fees and expenses; and

E. Granting AT&T such other relief as the Court deems just and proper.

Dated: September 3, 2021

BAKER BOTTS LLP

By: /s/ Douglas M. Kubehl

Douglas M. Kubehl
State Bar Number 00796909
Email: doug.kubehl@bakerbotts.com
Jeffery Scott Becker
State Bar Number 24069354
Email: jeff.becker@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue, Suite 900
Dallas, TX  75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503

Michelle Eber
State Bar Number 24078727
Email: michelle.eber@bakerbotts.com
Brandon Chen
State Bar Number 24095814
Email: brandon.chen@bakerbotts.com
BAKER BOTTS L.L.P.
910 Louisiana Street
Houston, TX 77002
Telephone: (713) 229-1611
Facsimile: (713) 229-2811

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS LAW FIRM, P.C.
821 ESE Loop 323, Suite 430
Tyler, TX 75701

Phone: (903) 705-1171
Fax: (903) 581-2543
Email: ddacus@dacusfirm.com

**ATTORNEYS FOR DEFENDANT AT&T MOBILITY LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 3rd day of September, 2021 with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(c). Any other counsel of record will be served by electronic mail, facsimile transmission and/or first-class mail on this same date.

*/s/ Brandon Chen*
Brandon Chen