IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:21-CV-00316-JRG |
| | § | (LEAD CASE) |
| AT&T MOBILITY, LLC, | § | |
| | § | CASE NO. 2:21-CV-00317-JRG |
| | § | (MEMBER CASE) |
| Defendant. | § | |
| | § | |
| FINESSE WIRELESS, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| CELLCO PARTNERSHIP d/b/a | § | **JURY TRIAL DEMANDED** |
| VERIZON WIRELESS, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| | § | |
| ERICSSON INC., | § | |
| | § | |
| Intervenors. | § | |

**ORDER REGARDING E-DISCOVERY**

The Court ORDERS as follows:

1.   This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.   This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding

these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. A party's meaningful compliance with this order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production if such fields exist.

5. Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

  A. **General Document Image Format**. Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF") format. TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.

  B. **Text-Searchable Documents**. No party has an obligation to make its production text- searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the

receiving party.

      C.     **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

      D.     **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

      E.     **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media, to comply with its discovery obligations in the present case.

      F.     **Voicemail and Mobile Devices.** Absent a showing of good cause, voicemails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved. Records of corporate chat messages that are kept in the ordinary course of business and within a party's custody and control will be preserved for custodians who are reasonably likely to discuss the functionality accused of infringement in this litigation (cancellation/mitigation of intermodulation interference). Any such records will be collected and produced only upon a showing of good cause demonstrating how the records are both relevant and non-cumulative.

6.     General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7.      E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific identification[1] of up to the fifteen (15) most significant e-mail custodians in view of the pleaded claims and defenses, infringement contentions, and accompanying documents pursuant to P.R. 3-1 and 3-2, invalidity contentions and accompanying documents pursuant to P.R. 3-3 and 3-4, and preliminary information relevant to damages.  The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court.  Each requesting party may also propound up to five written discovery requests per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8.      E-mail production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame.  Each requesting party shall limit its e-mail production requests to a total of up to eight custodians per producing party for all such requests.  The parties may jointly agree to modify this limit without the court's leave.  The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.      Each requesting party shall limit its e-mail production requests to a total of ten search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

10. For any email custodians located in the European Union, the Parties may run search terms on the email search results to identify hits that contain sensitive information and redact such information, to comply with obligations under the GDPR. Any redactions shall be identified on a privilege log or otherwise as redacted for sensitive information under the GDPR.

11. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

12. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13. Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**So ORDERED and SIGNED this 28th day of January, 2022.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE