IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CASE NO. 2:21-CV-00316-JRG | |
| § | (LEAD CASE) | |
| AT&T MOBILITY, LLC, § | | |
| § | CASE NO. 2:21-CV-00317-JRG | |
| § | (MEMBER CASE) | |
| Defendant. § | | |
| § | | |
| § | | |
| FINESSE WIRELESS, LLC, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | |
| CELLCO PARTNERSHIP d/b/a § | **JURY TRIAL DEMANDED** | |
| VERIZON WIRELESS, § | | |
| § | | |
| Defendant. § | | |
| § | | |
| NOKIA OF AMERICA CORPORATION, § | | |
| ERICSSON INC., § | | |
| § | | |
| Intervenors. § | | |

**PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE REFERENCES, OPINION, AND ARGUMENT RELATING TO ERICSSON'S DISMISSAL**

Finesse Wireless, LLC ("Finesse") moves to preclude all evidence, including expert opinion and argument relating to Ericsson Inc.'s dismissal. In August 2021, Finesse sued Named Defendants AT&T Mobility LLC and Cellco Partnership d/b/a Verizon Wireless. Nokia of America Corporation intervened in both cases and Ericsson intervened only on behalf of AT&T Mobility LLC. Subsequently, on August 4, 2022, Finesse and Ericsson filed a Covenant Not to Sue and Joint Motion to Dismiss ("Joint Motion"), which the Court granted. Dkts. 100, 101. The Joint Motion reads in pertinent part:

> Finesse . . . covenants not to sue Ericsson . . . based on the Ericsson P614 product . . . . Should Finesse . . . sue Ericsson . . . based on the Ericsson P614 Product, then the covenant not to sue shall automatically and retroactively be regarded as a fully paid-up license to the Asserted Patents to make, use, sell, offer for sale, import, or export the P614.
>
> Finesse . . . further covenants not to sue, from the date of this Stipulation through December 31, 2024, Ericsson . . . with respect to any existing or future Ericsson product ("Further Covenant"). Should Finesse . . . sue Ericsson . . . on or before December 31, 2024, . . . based on an Ericsson product, then the covenant not to sue shall automatically and retroactively be regarded as a fully paid-up license to the then asserted patent to make, use, sell, offer for sale, import, or export Ericsson products. If Finesse initiates a suit for patent infringement after December 31, 2024, regarding an Ericsson product, the Further Covenant does not affect Finesse's rights to seek past damages during the period of the Further Covenant.
>
> <u>This stipulation is being made for the purpose of conserving resources and avoiding costs associated with litigation in light of the level of sales of the P614. In making this stipulation, Ericsson does not admit that the P614 infringes the Asserted Patents or that the Asserted Patents are valid, and Finesse does not admit that the P614 does not infringe the Asserted Patents or that the Asserted Patents are invalid or in any way unenforceable.</u>
>
> In light of the above covenant not to sue, Finesse and Ericsson hereby jointly move to dismiss all of Finesse's claims regarding the Asserted Patents and the Ericsson P614 with prejudice and to dismiss Ericsson's declaratory judgment counterclaims without prejudice.

Dkt. 100 (emphasis added).

The face of the Joint Motion expressly does not license the patents for future infringement <u>unless</u> Finesse were to sue Ericsson notwithstanding the limited covenant not to sue. *Id.* It also makes clear that the only reason Ericsson was dismissed from the case was due to the small volume of accused products. *Id.* Because the volume of Ericsson's accused products was so low, further prosecution as to those products would not have been worth the litigation costs to each side. And because the volume of the accused products was the driving factor, Ericsson's dismissal does not reflect the value of the technology. There is no fact evidence in the record to the contrary.

Defendants' experts nevertheless draw improper inferences and conclusions from Ericsson's dismissal. They appear to have concluded that the Ericsson dismissal constitutes a free license, or that Ericsson was dismissed for lack of infringement. For example, in his expert report asserting invalidity, Defendants' expert Dr. Proctor ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 1 at ¶ 982 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. But in its discovery responses, Ericsson acknowledged that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Ex. 2 at 7-9. And even where Defendants' experts do not leap to unfounded conclusions, their references to Ericsson and its dismissal are irrelevant and imprecise asides that would confuse a jury focused on Nokia's radios. *E.g.*, Ex. 3 at ¶ 42 n.3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Improper speculation and opinions based on such speculation are inappropriate in an expert report, and should therefore be stricken and excluded under Rule 403. Indeed, evidence of other litigation is improper before the jury under Rule 408, and often excluded by agreement. *See, e.g., Kaist IP US LLC v. Samsung Elecs. Co., Ltd.*, No. 2:16-cv-1314-JRG-RSP, Dkt. 416, slip op. at 7 (E.D. Tex. May 3, 2018); *Ericsson Inc. v. TCL Commc'n Tech. Holdings, Ltd.*, No. 2:15-cv-11-RSP, Dkt. 362, slip op. at 1 (E.D. Tex. Nov. 8, 2017). Likewise, this Court routinely grants limine motions under Rule 403 to bar references to claims the parties are no longer themselves asserting; the Ericsson allegations easily fit within that mold. Any evidence or argument that Finesse moved to dismiss Ericsson is irrelevant to the remaining cases against AT&T, Verizon, and Nokia under Rule 408. It would also be highly prejudicial to Finesse, with

3

no redeeming probative value, and therefore properly excluded under Rule 403(b). The same is true of Defendants' expert reports and opinions to the extent they rest on Ericsson's dismissal. Further, Defendants' experts' opinions based on the dismissal are unfounded and should be excluded under Federal Rules of Evidence 702 and 703.

The policies underlying settlement and Federal Rule of Evidence 408 support this approach. To allow remaining Defendants and their experts to exploit the dismissal and speculate as to the merits of Finesse's claims against Ericsson's products would discourage parties from paring away less valuable claims before trial, lest they face arguments like these that by doing so they undervalued their patents.

Therefore, Finesse respectfully asks that the Court strike Defendants' expert reports and exclude any opinion or testimony relating to Ericsson's dismissal, including but not limited to the sections of their reports described below:

| Expert Report | Relevant Portions |
|---|---|
| Dr. Proctor Re: Invalidity (Ex. 1) | ¶ 895, in part: [redacted]<br>Graphic on page 409 of the report, between ¶¶ 895, 896<br>¶ 982, in part: [redacted] |
| Dr. Proctor Re: Non-Infringement (Ex. 4) | ¶ 396, in part: [redacted] |

| Expert Report | Relevant Portions |
|---|---|
|  | ¶ 450, in part: |
| Dr. Becker<br>Re: Damages<br>(Ex. 3) | ¶ 2 footnote 3<br>¶ 42 footnote 92, in part: |

DATED: October 11, 2022

Respectfully submitted,

By:    /s/ *Joseph S. Grinstein*
     Joseph S. Grinstein – Lead Counsel
       Texas State Bar No. 24002188
       jgrinstein@susmangodfrey.com
     Shawn Blackburn
       Texas State Bar No. 24089989
       sblackburn@susmangodfrey.com
     Meng Xi
       California State Bar No. 280099
       mxi@susmangodfrey.com
     Megan E. Griffith
       New York State Bar No. 5544309
       mgriffith@susmangodfrey.com
     Bryce T. Barcelo
       Texas State Bar No. 24092081
       bbarcelo@susmangodfrey.com
     **SUSMAN GODFREY LLP**
     1000 Louisiana Street, Suite 5100
     Houston, TX 77002
     Telephone: (713) 651-9366
     Facsimile: (713) 654-6666

     Jillian Hewitt
       New York State Bar No. 5469945
       jhewitt@susmangodfrey.com
     **SUSMAN GODFREY LLP**

███████████████████████████████

1301 Avenue of the Americas, 32nd Fl.
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212)336-8340

S. Calvin Capshaw
   Texas State Bar No. 03783900
   ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
   Texas State Bar No. 05770585
   ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone (903) 845-5770

T. John Ward, Jr.
   Texas State Bar No. 00794818
   jw@wsfirm.com
Andrea Fair
   Texas State Bar No. 24078488
   andrea@wsfirm.com
Chad Everingham
   Texas State Bar No. 00787447
   ce@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
FINESSE WIRELESS, LLC**

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Finesse conferred with counsel for Defendants by teleconference on October 11, 2022. Finesse understands that Defendants oppose the relief sought in this motion.

By:   */s/ Joseph S. Grinstein*
       Joseph S. Grinstein

6

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record are being served this 11th day of October, 2022, with a copy of this document via email.

By: */s/ Joseph S. Grinstein*
Joseph S. Grinstein

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is being filed under seal pursuant to the Protective Order entered in this matter.

By: */s/ Joseph S. Grinstein*
Joseph S. Grinstein