IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FINESSE WIRELESS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> AT&T MOBILITY LLC, § <br> § <br> *Defendant*. § | Case No. 2:21-cv-00316-JRG-RSP <br> (LEAD CASE) |

## MEMORANDUM ORDER

Before the Court is the Motion for Leave to Amend Its Infringement Contentions filed by Plaintiff Finesse Wireless, LLC. **Dkt. No. 107**. For the following reasons, the motion is **DENIED**.

### I.   Background

On August 23, 2021, Finesse Wireless LLC filed suit against AT&T Mobility LLC and Cellco Partnership d/b/a Verizon Wireless ("Verizon") accusing their mobile networks of infringing U.S. Patent Nos. 7,346,134 ("'134 Patent") and 9,548,775 ("'775 Patent").[1] Dkt. No. 107 at 5. Nokia of America Corporation and Ericsson Inc. intervened as defendants,[2] and Ericsson later reached an agreement with Finesse leading to Ericsson's dismissal.[3] For procedural reasons not relevant here, the parties stipulated that discovery served in previous cases (Case No. 2:21-cv-00063 and Case No. 2:21-cv-00064) would apply to the instant case. Dkt. No. 107 at 7.

On April 28, 2021, Finesse served its infringement contentions agnostic as to specific make, model, and software revision of the equipment in AT&T's and Verizon's networks. Dkt. No. 107 at 5. Once discovery opened, Finesse served common interrogatory 4 asking AT&T,

---

[1] Verizon was added to this suit through a consolidation order. Dkt. No.22.
[2] Dkt. No. 33.
[3] Dkt. No. 101.

1

Verizon, and Nokia (collectively, "Defendants") to identify base stations with passive intermodulation cancellation (PIMC) technology. *Id.* at 5-6.

On July 26, 2021, Defendants responded to common interrogatory 4. *Id.* at 6. Nokia stated that PIMC was first available in Galaxy Nokia radio heads and reserved its right to amend its response. *Id.* at 6.

On August 24, 2021, AT&T supplemented its response to common interrogatory 4. Dkt. No. 111 at 11. First, AT&T cited radio counts showing the UHFA (AB) product was deployed in its network. *Id.* Second, AT&T produced a field guide naming UHFA (AB) as a product including PIMC capability. *Id.*

By September 2021, Nokia produced source code for four different PIMC solutions. *Id.* at 6. On September 8, 2021 (two months before the infringement contention deadline), Defendants also reiterated that Finesse's infringement contentions were unclear. *Id.*

On November 4, 2021, Finesse served revised infringement contentions, including charts for two of the four solutions for which Nokia provided source code while omitting reference to the former Alcatel Lucent UHFA (AB) product (or Nokia's AFAA product). *Id.* at 6-7.

In January and February of 2022, Nokia continued to produce technical documents regarding the UHFA (AB) product and provided radio counts for Nokia radios in the Verizon Network. *Id.* at 7, 11.

On June 5, 2022, Finesse served interrogatories pursuant to the electronic discovery order. *Id.* at 12. On July 5, 2022, Nokia responded to ESI interrogatory 4 identifying the UHFA (AB) product as incorporating the source code. Dkt. No. 107 at 8-9.

On July 15, 2022 (one month before the close of fact discovery), Finesse informed Defendants that it intended to amend its infringement contentions to add the UFHA (AB) product. *Id.* at 9. On July 29, 2022, Nokia updated its response to common interrogatory 4. *Id.*

On August 13, 2022 (two days before the close of fact discovery), Finesse provided the proposed amended infringement contentions. Dkt. No. 111 at 7.

Plaintiff Finesse moves for leave to amend its infringement contentions in two respects: (1) Finesse seeks to identify the models of radios in Defendants' networks that practice the asserted claims; (2) Finesse seeks to add to its infringement contentions a legacy Alcatel Lucent – then Nokia – radio that practices the asserted claims. Dkt. No. 107 at 4.

## II.  Legal Standard

Local Patent Rule 3-1 requires the patent owner to serve infringement contentions identifying each accused product as specifically as possible. P.R. 3-1. Local Patent Rule 3-6(b) allows a party to supplement its infringement contentions "only by order of the Court, which shall be entered only upon a showing of good cause." P.R. 3-6(b). To analyze good cause, courts consider the following factors: (1) the explanation for the failure to meet the deadline; (2) the importance of the thing that would be excluded if the proposed amendment is not allowed; (3) potential prejudice in allowing the thing that would be excluded; and (4) the availability of a continuance to cure such prejudice. *Packet Intelligence LLC v. NetScout Sys.* No. 2:16-cv-230-JRG, 2017 WL 2531591, at *1 (E.D. Tex. Apr. 27, 2017) (citing *Mears Techs., Inc. v. Finisar Corp.*, No. 2:13-cv-376-JRG, 2014 WL 12605571, at *1 (E.D. Tex. 2014). Good cause in this context requires a showing of diligence in discovering the additional products to add to the

infringement contentions. *Polaris PowerLED Techs., LLC v. Samsung Elecs. Am., Inc.*, No. 2:17-cv-00715-JRG, 2019 WL 11585349, at *3 (E.D. Tex. Apr. 24, 2019).

### III. Analysis

Finesse argues good cause exists for Finesse to amend its infringement contentions for the following reasons: (1) Defendants caused the delay despite Finesse's diligence; (2) the evidence of the UHFA (AB) product is important and amendment is not futile; (3) the prejudice to Defendants is minimal and due to their own making; and (4) a continuance is unnecessary because of the Defendants' late disclosure. Dkt. No. 119 at 2-6. The Court disagrees.

As an initial matter, Finesse argues that Defendants are the sole cause of the delay. Dkt. No. 107 at 12. First, Finesse asserts that Defendants provided deficient interrogatory responses that were not timely supplemented. *Id*. Second, Finesse alleges that Defendants produced source code for products Finesse thought were irrelevant. *Id*. at 12-13.

In response, Defendants argue that Finesse caused the yearlong delay because it has had access to Nokia's source code for the PIMC functionality in the UHFA (AB) product since September 2021. Dkt. No. 111 at 9. First, Defendants assert that Nokia's interrogatory response from June 2021 was accurate at the time based on Finesse's vague infringement contentions. *Id.* at 10. Also, AT&T and Nokia produced UHFA (AB) product unit counts and technical documents for the AT&T and Verizon networks in AT&T's August 2021 supplement, and in Nokia's February 2022 supplement, respectively. *Id.* Second, Defendants assert that in January and February 2022, Nokia produced technical documents relating to the Alcatel Lucent FPGA product in response to Finesse's November 2021 request. *Id.* at 11.

The Court finds that Finesse's actions fall short of the required diligence, and the Motion should be denied. Finesse had access to technical documents, unit counts in AT&T's and Verizon's

networks, and product source code for the UHFA (AB) product for more than eight months before indicating its intent to amend infringement contentions. Dkt. No. 122 at 2-3. While Finesse received source code for products beyond the scope of the interrogatory responses, Nokia adequately explains that it provided the source code out of an abundance of caution and due to Finesse's unclear infringement contentions. Dkt. No. at 9-10. In addition, Finesse fails to adequately explain the additional one-month delay between notifying Defendants of its intent to amend infringement contentions and filing the Motion. Dkt. No. 122 at 4. Therefore, Finesse simply was not diligent.

Even if Finesse had been diligent, the Court also finds that the amendment would be highly prejudicial to Defendants. Finesse acknowledges that there are differences between already accused products and the UHFA (AB) product. Dkt. No. 119 at 5-6. In addition, the contentions including the UHFA (AB) product were not served until two days before the close of fact discovery. Dkt. No. 122 at 5. Finally, the facts of this case are distinguishable from the case law Finesse relies upon. *Id.* at 3-4. In *Mondis Tech., Ltd. v. LG Elecs., Inc.*, the Court allowed plaintiff to amend infringement contentions because defendants produced a service manual that should have been disclosed earlier nearly a year after initial disclosures. 2011 U.S. Dist. LEXIS 48376 at *12 (E.D. Tex. May 5, 2011). Unlike in *Mondis*, Finesse has had access to the source code and technical documentation for the UHFA (AB) product for more than eight months. Dkt. No. 122 at 2. Therefore, the prejudice to Defendants also supports denial of the Motion.[4]

---

[4] Recognizing the potential importance of the amendment, the Court does not foreclose the ability of Finesse to pursue the additional products in a separate proceeding.

## IV. CONCLUSION

For the reasons stated above, the motion (Dkt. No. 107) is DENIED.

**SIGNED this 2nd day of November, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE