IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| AT&T MOBILITY LLC, | § | CIVIL ACTION NO. 2:21-CV-00316-JRG |
| | § | |
| Defendant, | § | |
| | § | |
| NOKIA OF AMERICA CORPORATION, | § | |
| | § | |
| Intervenor. | § | |

### FINESSE WIRELESS LLC'S MOTION FOR ENTRY OF ITS UNOPPOSED BILL OF COSTS

On February 8, 2023, the Court entered judgment in favor of Finesse Wireless LLC ("Finesse") in the above-captioned case. Dkt. 277. The Court declared Finesse the "prevailing party" and ordered that it "shall recover its costs from AT&T." *Id*. Pursuant to Local Rule 54 and the Court's Standing Order Regarding Bill of Costs ("Standing Order"), Finesse submitted a proposed Bill of Costs to Defendant AT&T Mobility LLC and Intervenor Nokia of America Corporation on February 16, 2023. M. Griffith Decl. ¶ 2. On February 21, 2023, the parties met and conferred on the costs to be reimbursed. *Id.* ¶ 2. The parties have continued to confer and have reached agreement on the costs, which are set forth below. *Id.* ¶ 3. Finesse thus respectfully asks the Court to enter the agreed Bill of Costs attached as Exhibit A.

### APPLICABLE LAW

Pursuant to Federal Rule of Civil Procedure 54(d), costs are to be awarded to the prevailing party as a matter of course, unless the Court directs otherwise. 28 U.S.C. § 1920 permits the following recoverable costs:

    Fees of the clerk and marshal;

    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    Fees and disbursements for printing and witnesses;

    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    Docket fees under section 1923 of this title;

    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

The Court's Standing Order provides additional guidance. It states that "costs may be allowed for video tapes of depositions." Standing Order Regarding Bills of Costs at 3 (citing *S&D Trading Academy, LLC v. AAFIS, Inc.*, 336 F. App'x 443, 450–52 (5th Cir. 2009) (unpublished), and *SynQor, Inc. v. Artesyn Techs., Inc.*, 2011 WL 4591893, at *9– 10 (E.D. Tex. Sept. 30, 2011)). It also states that recoverable costs related to depositions typically include, but are not limited to, "reporter's appearance fees, transcript costs, and videographer fees." *Id.* at 3.

With regard to exemplification costs, "costs of photocopies necessarily obtained for use in the litigation are recoverable upon proof of necessity" 28 U.S.C. § 1920(4); *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994). The party seeking costs need not "identify every Xerox copy made for use in the course of legal proceedings." *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). However, it must show some connection between the costs incurred and the litigation. *Id*. The Court first determines whether the charges sought are reasonable in light of the litigation. "Reasonable charges shall be allowed." *See* Standing Order at 4.

## TAXABLE COSTS NOT IN DISPUTE

After meeting and conferring, the parties agree that Finesse is entitled to recover from AT&T the following taxable items in the amounts set forth below. In addition to the Court's

form for the bill of costs attached as Exhibit A, Finesse has attached also an itemized list of those costs as Exhibit B.

1. Fees of the Clerk (Ex. C): **$ 402.00**

2. Fees for service of summons and subpoena: **$ 0.00**

3. Fees for printed or electronically recorded transcripts necessarily obtained for use in the case (Ex. D): **$ 55,052.68**

4. Fees and disbursements for printing: **$ 0.00**

5. Fees for witnesses (Ex. E): **$ 4,194.07**

6. Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case (Ex. F): **$ 32,631.07**

7. Docket fees under 28 U.S.C. 1923: **$ 0.00**

8. Costs as shown on Mandate of Court of Appeals: **$ 0.00**

9. Compensation of court appointed experts (Ex. G): **$ 4,535.98**

10. Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828: **$ 0.00**

11. Other costs as stated on record at trial (Ex. H): **$ 25,000.00**

Total Agreed Items: **$ 121,815.80**

The costs stated on the record at trial represent the $25,000 the Court ordered Defendants to pay Finesse on the second day of trial. *See* Ex. H (Jan. 10, 2023 Trial Tr.) at 5–8. The parties have agreed to include this sum as "other costs" as provided in the Bill of Costs form provided by the Court.

The parties have agreed to stay payment of costs, to the extent not vitiated by post-trial motions or appeal, within 30 days of the Federal Circuit's mandate issuing from Defendants'

appeal of the Judgment in this matter and any remand proceedings if the Federal Circuit grants Defendants relief from this Judgment, or within 30 days of the notice of appeal deadline if no notice of appeal is filed by Defendants, provided that post-judgment interest will run on the stayed payment and, unless Defendants separately appeal the Court's order regarding the $25,000, Defendants will pay that sum regardless of the outcome of the post-trial motions or any merits appeal. *See, e.g.*, *Gigamon Inc. v. Apcon Inc.*, No. 2:19-CV-00300-JRG, Dkt. 315 (E.D. Tex. May 20, 2021) (ordering agreed stay of payment of bill of costs); *Personalized Media Comm'ns, LLC v. Apple, Inc.*, No. 2:15-CV-01366-JRG, Dkt. 665 (E.D. Tex. Sept. 15, 2021) (same).

## CONCLUSION

For the reasons explained, and based on the parties' agreement, Finesse respectfully requests that the Court enter in its entirety the Bill of Costs attached as Exhibit A, which totals **$121,815.80** and stay payment to the extent agreed by the parties.

DATED: March 2, 2023                Respectfully submitted,

By:    */s/ Megan Elise Griffith*
    Joseph S. Grinstein – Lead Counsel
      Texas State Bar No. 24002188
      jgrinstein@susmangodfrey.com
    Shawn Blackburn
      Texas State Bar No. 24089989
      sblackburn@susmangodfrey.com
    Meng Xi
      California State Bar No. 280099
      mxi@susmangodfrey.com
    Megan E. Griffith
      New York State Bar No. 5544309
      mgriffith@susmangodfrey.com
    Bryce T. Barcelo
      Texas State Bar No. 24092081
      bbarcelo@susmangodfrey.com

    Thomas V. DelRosario
       Texas State Bar No. 24110645
       tdelrosario@susmangodfrey.com
**SUSMAN GODFREY LLP**
1000 Louisiana Street, Suite 5100
Houston, TX 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

    S. Calvin Capshaw
       Texas State Bar No. 03783900
       ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
       Texas State Bar No. 05770585
       ederieux@capshawlaw.com
**CAPSHAW DERIEUX LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone (903) 845-5770

    T. John Ward, Jr.
       Texas State Bar No. 00794818
       jw@wsfirm.com
Andrea Fair
       Texas State Bar No. 24078488
       andrea@wsfirm.com
Chad Everingham
       Texas State Bar No. 00787447
       ce@wsfirm.com
**WARD, SMITH & HILL, PLLC**
PO Box 1231
Longview, Texas 75606
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

**ATTORNEYS FOR PLAINTIFF
FINESSE WIRELESS, LLC**

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Finesse conferred with counsel for AT&T and Nokia by teleconference on February 21, 2023 and by email on February 21, 22, 24, and 27, 2023 and March 1 and 2, 2023, and Finesse understands that AT&T and Nokia do not oppose the amounts of costs sought.

By: */s/ Megan Elise Griffith*
    Megan Elise Griffith

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record are being served this 2nd day of March, 2023, with a copy of this document via email.

By: */s/ Megan Elise Griffith*
    Megan Elise Griffith