**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| FINESSE WIRELESS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CASE NO. 2:21-CV-00316-JRG |
| | § | |
| AT&T MOBILITY, LLC, AND | § | |
| | § | |
| | § | |
| Defendant, | § | |
| | § | |
| NOKIA OF AMERICA CORP. | § | |
| | § | |
| Intervenor-Defendant. | § | |

**DEFENDANTS' RULE 59 MOTION FOR NEW TRIAL**

# TABLE OF CONTENTS

**Page**

I.     LEGAL STANDARD ................................................................................................1

II.    ARGUMENT .........................................................................................................2

    A.    The Court Should Grant a New Trial on Damages ....................................................2

    B.    A New Trial on Non-Infringement Is Warranted ......................................................4

    C.    A New Trial on Invalidity is Warranted ..................................................................5

    D.    Errors in the Jury Instruction Warrant a New Trial ..................................................6

    E.    If the Court Orders a New Trial on Any Issue, It Should be Granted on All Issues .............................................................................................................6

III.   CONCLUSION ......................................................................................................7

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*,
    509 U.S. 209 (1993) ................................................................................................ 2, 3

*CytoLogix Corp. v. Ventana Medical Systems, Inc.*,
    424 F.3d 1168 (Fed. Cir. 2005) ................................................................................ 5

*Davidson Oil Country Supply Co. v. Klockner, Inc.*,
    917 F.2d 185 (5th Cir. 1990) ................................................................................... 7

*Dossett v. First State Bank*,
    399 F.3d 940 (8th Cir. 2005) ................................................................................... 1

*Encompass Off. Sols., Inc. v. La. Health Serv. & Indem. Co.*,
    919 F.3d 266 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 221 (2019) ........................... 7

*Gasoline Prods. Co. v. Champlin Refining Co.*,
    283 U.S. 494 (1931) ............................................................................................ 1, 8

*Georgia-Pacific Corp. v. U.S. Gypsum Co.*,
    195 F.3d 1322 (Fed. Cir. 1999) ................................................................................ 4

*Hinojosa v. Butler*,
    547 F.3d 285 (5th Cir. 2008) ................................................................................... 3

*Imonex Servs., Inc. v. W.H. Munzprufer DietmarTrenner GMBH*,
    408 F.3d 1374 (Fed. Cir. 2005) ................................................................................ 8

*Intellectual Sci. & Tech., Inc. v. Sony Elecs., Inc.*,
    589 F.3 d 1179, 1183 (Fed. Cir. 2009) .................................................................... 6

*Jenkins v. Aquatics Contractors & Engineers*,
    446 F.2d 520 (5th Cir. 1971) ................................................................................... 8

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ................................................................................ 7

*Pryer v. C.O. 3 Slavic*,
    251 F.3d 448 (3d Cir. 2001) .................................................................................... 7

*Smith v. Transworld Drilling Co.*,
    773 F.2d 610 (5th Cir. 1985) ................................................................................... 1

*Uniloc USA, Inc. v. Microsoft Corp.*,
    632 F.3d 1292 (Fed. Cir. 2011) ................................................................................ 4

*Verizon Services Corp. v. Vonage Holdings Corp.*,
    503 F.3d 1295 (Fed. Cir. 2007) ........................................................................... 1, 5

*VirnetX Inc. v. Apple Inc.*,
    No. 6:12-cv-885-RWS, 2020 WL 3635929 (E.D. Tex. Apr. 23, 2020) ..................... 1

*Whitserv v. Computer Packages, Inc.*,
    694 F.3d 10 (Fed. Cir. 2012).......................................................................................... 4

*Williams v. Slade*,
    431 F.2d 605 (5th Cir. 1970) ........................................................................................ 1

*Witco Chem. Corp. v. Peachtree Doors, Inc.*,
    787 F.2d 1545 (Fed. Cir. 1986)..................................................................................... 5

*Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*,
    609 F.3d 1308 (Fed. Cir. 2010)................................................................................. 2, 6

*Yarbrough v. Sturm, Ruger & Co.*,
    964 F.2d 376 (5th Cir. 1992) ........................................................................................ 8

**Rules and Regulations**

Fed. R. Civ. P. 59 .............................................................................................................. 1

Defendants respectfully move pursuant to Federal Rule of Civil Procedure 59 for a new trial, to the extent the Court does not grant Defendants' motions for judgment as a matter of law (Dkts. 294, 295, 296).  A new trial should be granted because the verdicts are against the great weight of the evidence and for the additional reasons set forth below.

## I.      LEGAL STANDARD

Under Federal Rule of Civil Procedure 59, a new trial is appropriate when the jury's verdict is against the great weight of the evidence, the damages award is excessive, the trial was unfair, or prejudicial error was committed in the course of trial. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).  The Court may "grant a new trial on all or some of the issues." *See* Fed. R. Civ. P. 59(a).  But "a partial new trial" may not be ordered "unless it clearly appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Gasoline Prods. Co. v. Champlin Refining Co.*, 283 U.S. 494, 500 (1931). The Fifth Circuit has cautioned that "[i]f the decision on the other issues could in any way have been infected by the error then a new trial must be had on all issues." *Williams v. Slade*, 431 F.2d 605, 608 (5th Cir. 1970). "[W]here the damages are excessive and the verdict is the product of passion or prejudice a new trial as to all the issues must be ordered." *Id.* at 609; *see also Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005) ("[I]f passion or prejudice influenced the jury's damages decision, then that same passion or prejudice may well have affected its decision on the issue of liability as well.").  Similarly, in *Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295 (Fed. Cir. 2007), the Federal Circuit held that correction of a claim construction required a new trial on infringement. *Id.* at 1309.  Because the jury's damages verdict encompassed all asserted patents, the "normal rule" required vacating the damages verdict and remanding for a new trial on damages. *Id.* at 1310.  As Judge Schroeder explained, the bar for departing from *Verizon* is "exceedingly high" and "the liability error must not have affected the damages verdict." *VirnetX Inc. v. Apple Inc.*, No.

6:12-cv-885-RWS, 2020 WL 3635929, at *5 (E.D. Tex. Apr. 23, 2020).  Here, that exceedingly high standard is not met.  Rather, judgment as a matter of law of no liability, or a lack of evidence warranting a new trial, as to either of the patents or as to damages necessarily renders the full jury verdict unsustainable.  *See* Section II.F, *infra*.

## II.    ARGUMENT

### A.    The Court Should Grant a New Trial on Damages

If the Court does not grant Defendants' motions for judgment as a matter law of no liability due to non-infringement or invalidity (and thus grant judgment of no damages), a new trial is warranted because the damages award is excessive and against the great weight of the evidence for each of the reasons stated in Dkt. 296 and at least the following additional reasons.

#### 1.    Dr. Bazelon Should Not Have Been Permitted to Offer A Speculative Damages Theory At Trial Based on Future Infringement

Dr. Bazelon's calculation of damages through the lifetime of the patents was entirely speculative and based on an inappropriate royalty base.  As explained in Defendants' Motion for Judgment as a Matter of Law on Damages (Dkt. 296), Dr. Bazelon's putative lump-sum damages opinion was based on running royalty methodology and evidence for use of the accused PIM-C feature.  1/10/2023 Trial Tr. (Bazelon) at 220:7-12.  His opinion included a range of $58 to $63 million through trial or $96 to $166 million through the life of the patents.  *Id.* (Bazelon) at 211:8-24.  Allowing Finesse to present the excessive and speculative figures, based on speculative future infringement, was highly prejudicial to Defendants and warrants a new trial.  *See, e.g.*, *Wordtech Sys., Inc. v. Integrated Network Sol'ns, Inc.*, 609 F.3d 1308, 1319-22 (prohibiting jury verdict to stand when "clearly not supported by the evidence" or "based only on speculation or guesswork"); *see also Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the

law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.").

2.      Dr. Bazelon's Testimony Should Have Been Excluded

Dr. Bazelon's opinions should have been excluded because he offered technical opinions he was not qualified to offer, *see* Dkt. 132 at 3-4, and because he relied on assumptions unsupported by the record to inflate his damages figures, *id.* at 4-15.

3.      The Court's Evidentiary Rulings Improperly Excluded Highly Probative
Evidence Warranting a New Trial on Damages

The Court also made several evidentiary rulings that affected the scope of the damages case. ***First***, the Court improperly excluded AT&T test data from the Southern Ohio and the New York City markets demonstrating that internal PIM was present at a limited number of sites and that the PIMC feature had a modest effect on PIM.   *See* Dkt. 155 at 4-5; Dkt. 215.   ***Second***, the Court improperly excluded evidence demonstrating that Finesse licensed Verizon's use of the accused products in its network for no consideration.  *See* 1/10/2023 Trial Tr. at 301:23-302:21; 1/11/2023 Trial Tr. at 4:17-7:4.  Finesse's covenant not to sue Verizon with respect to the accused products is a license involving the same products and the same patents and is highly probative of an appropriate damages award in this case.  ***Third***, the Court improperly excluded evidence showing that Ericsson entered into a covenant not to sue with respect to certain PIM-C products (including the P614) for no consideration.  *See* Dkt. 152.  Keeping this evidence from the jury severely prejudiced Defendants and allowed the jury to reach a damages verdict much higher than would have been awarded if this evidence had been admitted.  *See, e.g.*, *Hinojosa v. Butler*, 547 F.3d 285, 292 (5th Cir. 2008) (remanding for a new trial where excluded evidence prejudiced party).

3

Additionally, as explained in Defendants' Motion for Judgment as a Matter of Law on Damages, the Court's decision to allow Finesse and its counsel to repeatedly reference billions of dollars in spectrum purchases, was both against the clear guidance from the Federal Circuit and highly prejudicial to Defendants.  *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).

4.   <u>The Damages Award Is Against the Great Weight of the Evidence and Excessive</u>

Finally, for the reasons laid out above and in the Defendants' Motion for Judgment as a Matter of Law (Dkt. 296), the great weight of the evidence is against the $166 million verdict, which is excessive, and justifies a new trial as well.  *See Whitserv v. Computer Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012) (reversing denial of motion for a new trial on damages because the patentee's expert made several errors in his royalty analysis).

**B.    A New Trial on Non-Infringement Is Warranted**

As explained in Defendants' motion for judgment as a matter of law on infringement, the jury verdict as to infringement of the asserted '134 and '775 patent claims is unsupported by substantial evidence, and Defendants are entitled to a judgment of non-infringement on all asserted claims. Dkt. 294.  At the very least, for similar reasons, the verdict is against the great weight of the evidence and a new trial on infringement is warranted as to all asserted claims.  *See Georgia-Pacific Corp. v. U.S. Gypsum Co.*, 195 F.3d 1322, 1333, (Fed. Cir. 1999), *opinion amended on reh'g*, 204 F.3d 1359 (Fed. Cir. 2000) (affirming grant of new trial on infringement where the "jury[']s verdict was not adequately supported by the evidence but the insufficiency of proof was not enough to grant [defendant's] motion for JMOL").

Additionally, if the Court agrees with Defendants that any claim constructions should be corrected, (Dkt. 294), then at a minimum a new trial is required on infringement of the relevant

claims.  *See Verizon Services Corp. v. Vonage Holdings Corp.*, 503 F.3d 1295, 1309 (Fed. Cir. 2007) (correction of a faulty claim construction required a new trial on infringement).

### C.     A New Trial on Invalidity is Warranted

As explained in Defendants' motion for judgment as a matter of law on invalidity, the jury verdict that the asserted patent claims are not invalid is unsupported by substantial evidence.  (Dkt. 295).  At a minimum, and for similar reasons, the verdict is against the great weight of the evidence and a new trial on validity is warranted as to all asserted claims.   *See, e.g.*, *CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1176 (Fed. Cir. 2005) (holding that where the district court erred in its claim construction and the defendant had introduced substantial evidence for the issue of obviousness under the correct claim construction and provided detailed testimony from its expert regarding the prior art and motivation to combine, the infringer had met is burden to have provided substantial evidence of invalidity under the correct claim construction to preserve the invalidity defense, and therefore remanding to district court to determine whether a new trial on the issue of obviousness should be granted).

Moreover, if the Court grants a new trial on infringement, it should also order a new trial on invalidity.  Defendants' expert explained that Defendants do not infringe the asserted patents but that, to the extent the claims were stretched to read on Nokia's products, that they were invalid.  *See, e.g.*, 1/11/2023 Trial Tr. 273:9-12 ("So this patent would disclose – would be invalid, the '775, this limitation would be demonstrated by Lui if it's found that Nokia's products infringe.  So it's one and the same."); *id.* at 266:3-6 ("So if two inputs allows Nokia to infringe, then the patent, the '775, is invalid because of the two signals that this one teaches.  So this is doing what Finesse is claiming Nokia is doing."); *id.* at 238:23-25 ("[M]y opinion is that there are a couple of pieces of prior art that make [the asserted claims of the '134 patent] obvious to have done.").  A single jury should thus decide these overlapping issues.  *See Witco Chem. Corp. v. Peachtree Doors, Inc.*, 787 F.2d 1545,

1549 (Fed. Cir. 1986) ("[I]t is inappropriate ... to have one jury return a verdict on the validity, [and] enforceability ... questions while leaving the infringement questions to a second jury .... [T]he arguments against infringement are indistinguishably woven with the factual underpinnings of the validity and enforceability determinations.").

### D.      Errors in the Jury Instruction Warrant a New Trial

A new trial is warranted because the Court provided certain jury instructions and verdict form questions, over Defendants' objections, that were legally erroneous and prejudicial. *See, e.g.*, *Wordtech Sys., Inc. v. Integrated Networks Sols., Inc.*, 609 F.3d 1308, 1317 (Fed. Cir. 2010). The Defendants objected to the jury instruction with respect to "lump sum" damages. The instruction was erroneous because it suggested to the jury that the lump sum could be determined based on the evidence at the time of the verdict rather than based on what the parties would have agreed to at the time of the hypothetical negotiation. *See* 1/12/2023 Trial Tr. at 191:16-193:16; 196:18-197:4. This is contrary to law. *See, e.g.*, *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1335 (Fed. Cir. 2009).

### E.      If the Court Orders a New Trial on Any Issue, It Should be Granted on All Issues

Further, if the Court grants a new trial on any issue, it should grant a new trial on all others. For example, if it grants a new trial on damages, it should also order a new trial on liability—and vice-versa—so that a single jury can decide overlapping factual issues. As explained above, the Court's evidentiary rulings with respect to damages likely infected the jury's deliberations on all issues and caused it to make an infringement determination on an improper basis. A new trial on liability in addition to damages is therefore appropriate. *See Davidson Oil Country Supply Co. v. Klockner, Inc.*, 917 F.2d 185, 187 (5th Cir. 1990) ("[T]he exclusion of all of this evidence created

an atmosphere so unreal and so prejudicial that it requires, in our very essential broad discretion, that all issues ... be remanded for a full retrial.").

A partial new trial is not appropriate "where a tangled or complex fact situation would make it unfair to one party to determine damages apart from liability." *Pryer v. C.O. 3 Slavic*, 251 F.3d 448, 455 (3d Cir. 2001). This question depends not only on the "interdependence of the issues," but also "'an overlapping of proof' relevant to those issues." *Encompass Off. Sols., Inc. v. La. Health Serv. & Indem. Co.*, 919 F.3d 266, 276–77 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 221 (2019). Here, issues and facts related to damages are intertwined with and dependent upon issues and facts related to liability in several respects. For example, any damages calculation will be dependent upon which claims of which asserted patents Defendants were found to infringe. A new jury therefore will have to first separately assess the infringement and validity of each of the two asserted patents before making a damages determination. Additionally, any reasonable royalty assessment will necessarily depend on what the jury determines about the scope of the alleged inventions, how important the alleged inventions are over the prior art, the extent to which Defendants has made use of the alleged inventions, and the purported value of that use to Defendants' products—all issues that overlap with questions of liability. Where, as here, the issues tried are "so interwoven . . . that [one] cannot be submitted to the jury independently of the [others] without confusion and uncertainty," the grant of a new trial on any liability issue should result in a new trial on damages; to do otherwise "would amount to a denial of a fair trial." *See Gasoline Prods.*, 283 U.S. at 500-01; *Yarbrough v. Sturm, Ruger & Co.*, 964 F.2d 376, 380 (5th Cir. 1992) (affirming grant of new trial on all issues where "liability finding . . . apparently was deliberately made to reach a certain amount of damages").

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that, if their renewed motion for judgment as a matter of law is not granted, the Court order a new trial.

DATED: March 8, 2023                     Respectfully submitted,

By: */s/ Douglas M. Kubehl*
Douglas M.  Kubehl
State Bar Number 00796909
Email: doug.kubehl@bakerbotts.com
Jeffery Scott Becker
State Bar Number 24069354
Email: jeff.becker@bakerbotts.com
Susan Cannon Kennedy
State Bar Number 24051663
Email: susan.kennedy@bakerbotts.com
**Baker Botts L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, TX  75201
Telephone: (214) 953-6500
Facsimile: (214) 661-6503

Brandon Chen
State Bar Number 24095814
Email: brandon.chen@bakerbotts.com
**Baker Botts L.L.P.**
910 Louisiana Street, Suite 3200
Houston, TX 77002
Telephone: (713) 229-1611
Facsimile: (713) 229-2811

Deron R.  Dacus
Texas Bar No.  00790553 Email:
ddacus@dacusfirm.com
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1171
Fax: (903) 581-2543

**ATTORNEYS FOR DEFENDANT
AT&T MOBILITY LLC**

By:  */s/ David A. Nelson*
Scott Cole (State Bar No.  00790481)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
201 West 5th Street 11th Floor
Austin, Texas 78701
(713) 221-7006

8

(737) 667-6110 (facsimile)
scottcole@quinnemanuel.com

David A. Nelson
Brianne M. Straka (IL State Bar No. 6300972)
Marc Kaplan (IL State Bar No. 6303652)
Rajat Khanna (IL State Bar No. 6317120)
Harrison B.  Rose (IL State Bar No. 6327523)
**QUINN EMANUEL URQUHART &
SULLIVAN, LLP**
191 N.  Wacker Dr., Suite 2700
Chicago, IL 60606
(312) 705-7400
(312) 705-7401 (Facsimile)
davenelson@quinnemanuel.com
briannestraka@quinnemanuel.com
marckaplan@quinnemanuel.com
rajatkhanna@quinnemanuel.com
harrisonrose@quinnemanuel.com

Deron R.  Dacus
Texas Bar No.  00790553 Email:
ddacus@dacusfirm.com
**THE DACUS LAW FIRM, P.C.**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Phone: (903) 705-1171
Fax: (903) 581-2543

**ATTORNEYS FOR INTERVENOR NOKIA
OF AMERICA CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record are being served this 8th day of March 2023 via

ECF.

By:  */s/ David A. Nelson*
David A. Nelson