IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FINESSE WIRELESS LLC, § § *Plaintiff*, § § v. § § AT&T MOBILITY LLC, § | CIVIL ACTION NO. 2:21-CV-00316-JRG (LEAD CASE) |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, § § § § *Defendants*. § | CIVIL ACTION NO. 2:21-CV-00317-JRG (MEMBER CASE) |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

Before the Court is Finesse Wireless LLC's Motion Regarding Pre-Judgment Interest (the "Motion"). (Dkt. No. 293.) In it, Plaintiff asks the court to amend the Final Judgment (Dkt. No. 277) to state that the pre-judgment interest is $15,213,505.39. (Dkt. No. 293 at 1.) Defendant AT&T Mobility LLC and Intervenor-Defendant Nokia Corporation of America (collectively, "Defendants") oppose the Motion. (*See* Dkt. No. 304 at 1.) For the following reasons, the Court finds that the Motion should be **GRANTED**.

**II.  BACKGROUND**

Plaintiff Finesse Wireless LLC ("Finesse") filed a complaint on August 23, 2021, alleging infringement by Defendants of U.S. Patent Number 7,346,134 and U.S. Patent Number 9,578,775 (collectively, the "Asserted Patents"). (*See generally*, Dkt. No. 1.) Specifically, Finesse accused Defendants of using certain infringing cellular base stations. (*See id.*)

A jury trial was held on the Asserted Patents in January of 2023. On January 13, 2023 the jury returned a verdict finding that the Defendants infringed all Asserted Claims: Claims, 1, 2 and

3 of the '134 Patent, and Claims 1, 4, 9, 16, 21, 29, 36 of the '775 Patent. (Dkt. No. 273 at 4.) The jury found that Defendant had failed to prove that any of the Asserted Claims were invalid. (*Id.* at 5.) The jury awarded damages in the form of a lump sum for the remaining life of the patents in the amount of $166,303,391.00. (*Id.* at 6.)

### III. LEGAL STANDARD

A successful plaintiff is entitled to "no [] less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court." 35 U.S.C. § 284. "Section 284 of the Patent Act indicates that a court should award interest in patent cases after a finding of infringement." *z4 Techs., Inc. v. Microsoft Corp.*, 2006 U.S. Dist. LEXIS 58374, at *82 (E.D. Tex. Aug. 18, 2006); *GM Corp. v. Devex Corp.*, 103 S. Ct. 2058, 2062 (1983) ("[W]e conclude that prejudgment interest should ordinarily be awarded."). Further, "prejudgment interest should be awarded 'absent some justification for withholding such an award.'" *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 2017 U.S. Dist. LEXIS 75517, at *21 (E.D. Tex. May 18, 2017) (quoting *GM Corp.*, 461 U.S. at 656–57.); *see also Energy Transp. Grp., Inc. v. William Demant Holding A/S*, 3 697 F.3d 1342, 1358 (Fed. Cir. 2012) ("The award of prejudgment interest is the rule, not the exception.") (citations and quotations omitted).

The interest rate used to calculate prejudgment interest and the method and frequency of compounding are left to the discretion of the court. *Soverain Software LLC v. Newegg Inc.*, 836 F. Supp. 2d 462, 480 (E.D. Tex. 2010); *see also UroPep*, 2017 U.S. Dist. LEXIS 75517, at *23 (quoting *Bio-Rad Labs., Inc. v. Nicolet Instrument Corp.*, 807 F.2d 964, 969 (Fed. Cir. 1986)). "Generally, prejudgment interest should be awarded from the date of infringement to the date of judgment." *Nickson Indus. v. Rol Mfg. Co.*, 847 F.2d 795, 800 (Fed. Cir. 1988).

## IV. ANALYSIS

Plaintiff argues that the Federal Circuit has repeatedly affirmed awards of prejudgment interest consistent with this Court's final judgment: "[w]here a jury awards a lump-sum amount as compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement." (Dkt. No. 293 at 2 (quoting *Schwendimann v. Arkwright Advanced Coating, Inc.*, 959 F.3d 1065, 1076 (Fed. Cir. 2020); citing *Comcast IP Holdings I LLC v. Spring Commc'ns Co., L.P.*, 850 F.3d 1302, 1315 (Fed. Cir. 2017)).) Moreover, Plaintiff contends, pre-judgment interest should apply to the entire amount awarded by the jury. (*Id.* at 3.) Plaintiff also argues that pre-judgment interest should begin accruing on March 15, 2018 because that was the hypothetical date of the negotiation presented by Plaintiff's expert. (*Id.*) Plaintiff then argues that pre-judgment interest stops accruing on February 8, 2023, the date of entry of judgment. (*Id.* at 3–4.) Finally, Plaintiff argues, applying the 5-year treasure rate, and compounding quarterly (commensurate with the changing rate), the pre-judgment interest should be $15,213,505.39. (*Id.* at 4.)

In response, Defendants urge that pre-judgment interest should not be awarded on the entire sum because that would be to award interest on projected future damages. (Dkt. No. 304 at 1–5.) Defendants then cite authority holding that it is an abuse of discretion to for a court to apply pre-judgment interest to future damages. (*Id.* at 1–2 (citing *Oiness v. Walgreen Co.*, 88 F.3d 1025, 1033 (Fed. Cir. 1996); *Sanofi-Aventis v. Apotex Inc.*, 659 F.3d 1171, 1179 (Fed. Cir. 2011)).) Defendants point out that Plaintiff's expert testified that the damages through trial totaled $58MM. (*Id.* at 2.) Defendants assert that this is because Plaintiff's expert testified to a per-unit per-year royalty rate of $251. (*Id.* at 2–3.) Further, Defendants point out, Plaintiff's expert testified that the full $166MM would not be paid if AT&T turned the feature off after trial. (*Id.* at 3–4.) Defendants

urge that the cases Plaintiff cites are distinguishable because in *Comcast IP*, both sides agreed to a lump sum, 850 F.3d at 1314, and in *Schwendimann*, the plaintiff sought only lost profits and the defendant presented a reasonable royalty based on past sales, *Schwendimann v. Arkwright Advanced Coating, Inc.*, 2018 WL 3621206, at *11 (D. Minn. July 30, 2018), *aff'd*, 959 F.3d 1065 (Fed. Cir. 2020). (Dkt. No. 304 at 5.) Defendants also argue, in a footnote, that any pre-judgment interest on the jury award would double count the time value of money because Plaintiff's expert did not discount the award. (*Id.* at 5, n. 3.)

Defendants further contend that Plaintiff should not be awarded any pre-judgement interest because of its delay in bringing this suit. (*Id.* at 6–7.) Defendants cite authority stating that a court may deny pre-judgment interest where delay in filing suit resulted in prejudice to defendants. (*Id.* at 6 (citing *Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1361 (Fed. Cir. 2001)).) Defendants argue that Plaintiff's delay was undue because it waited 3 years to file suit despite the fact that the documents cited in their complaint were all publicly available from 2016–2019. (*Id.* at 7.)

Plaintiff, in reply, notes that Defendants adopt the same date for the hypothetical negotiation: March 15, 2018. (Dkt. No. 312 at 1.) Plaintiff further argues that pre-judgment interest applies to the entire lump sum under settled law. (*Id.* at 1–2 (citing *Schwendimann*, 959 F.3d at 1076).) Plaintiff's expert opined that the lump sum would have been paid on the date of the hypothetical negotiation. (*Id.* at 2–3.) Accordingly, Plaintiff argues, once the jury awarded the lump sum, the running royalty, the damages through trial, became irrelevant. (Dkt. No. 312 at 3.) Plaintiff further argues that there is no need to discount the lump sum to present value, because (1) its expert explained that discounting was unnecessary and (2) Defendants' arguments go to weight, not admissibility. (*Id.* at 3–4.)

Plaintiff also contends that there was no undue delay—there was no delay for tactical advantage, nor was it self-serving. (Dkt. No. 312 at 4–5 (citing *Kaufman*, 34 F.4th at 1375).) Plaintiff alleges that it filed suit immediately upon discovering documents mentioning the accused functionality. (*Id.* at 5.) Plaintiff also cites authority holding that a 5-year delay is not undue. (*Id.* at 4–5 (citing *Kaufman v. Microsoft Corp.*, 34 F.4th 1360, 1374-75).) Further, Plaintiff argues that whether AT&T turns the PIM-C feature off is irrelevant. (*Id.* at 4.)

Defendants argue in sur-reply that the prejudgment interest Plaintiff requests would overcompensate it. (Dkt. No. 325 at 1–5.) Defendants point out that the Supreme Court has held that patent damages are meant to compensate the patent owner—the royalty that would have been received before the date of the judgment. (Dkt. No. 325 (citing *Gen. Motors Corp. v. Devex Corp.*, 461 U.S. 648, 656 (1983)).) Further, Defendants argue, interest cannot accrue on future damages (which Plaintiff does not dispute) and Plaintiff's expert's testimony at trial demonstrates that he did not present a lump sum damages opinion. (*Id.* at 2–4.)

Defendants contend that the fact that the jury entered a lump sum is irrelevant because Finesse encouraged the jury to award $166MM if they wanted to do more than compensate Finesse for the infringement "through trial." (*Id.* at 4.) Defendants further argue that Plaintiff's expert never opined that AT&T would have paid $166MM in 2018, but that the rate would be per-unit per-year. (*Id.* at 4–5.) Defendants also re-urge that Plaintiff's delay warrants limiting prejudgment interest. (*Id.* at 5–6.)

The Court finds that pre-judgment interest should be awarded in the amount offered by Plaintiff, $15,213,505.391. Plaintiff compounded interest quarterly at the 5-year treasury rate, adjusting the rate commensurately, as this Court commonly does. *See Soverain Software LLC*, 836 F. Supp. 2d at 480. Moreover, Defendants do not appear to dispute the accuracy of the calculations

performed by Plaintiff, instead they largely argue that no pre-judgment interest should be awarded at all.

The Court does not find such arguments by Defendants persuasive. The jury awarded a lump sum in the amount that Defendants should have paid at the time infringement began—here, March 15, 2018. (Dkt. No. 273 at 6; Dkt. No. 293 at 3.) Moreover, [w]here a jury awards a lump-sum amount as compensation for infringement, the prejudgment interest is properly applied to the entire amount beginning on the first date of the infringement." *Schwendimann*, 959 F.3d at 1076. Defendants argue that *Schwendimann* is distinguishable because both sides agreed to a lump sum, but that has no bearing on the clear statement of law laid down by the Federal Circuit. Indeed, such an argument would directly conflict with the Federal Circuit's directive that "[a]warding 'prejudgment interest is the rule, not the exception.'" *Id.* (quoting *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996)).

Further, there is ample evidence in the record that Plaintiff's expert opined to a lump sum award. (*See, e.g.*, Dkt. No. 283 at 264:19–265:1[1].) Moreover, there was no need to discount the number, as Plaintiff's expert opined, and as the jury apparently agreed. Finally, the Court finds that there is no indication of undue delay, *i.e.*, delay for tactical advantage or self-serving delay.

## V. CONCLUSION

For the foregoing reasons, the Motion (Dkt. No. 293) should be and hereby is **GRANTED**. The interest award will be reflected in this Court's Final Judgment, entered subsequent hereto.

---

[1] "Q. And so if the jury, who decides the damages in this case, wants to award a single lump sum for all of the license term that would go all the way into the future, is that what you're calculating here through expiration in your damages calculations? A. Yes. That's the idea this is getting at is if you wanted to figure out the value for the whole life of the patent and do it in one lump sum payment, that's the number."

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE