IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FINESSE WIRELESS LLC, | § § § | |
| *Plaintiff*, | § § | CIVIL ACTION NO. 2:21-CV-00316-JRG (LEAD CASE) |
| v. | § § § | |
| AT&T MOBILITY LLC, | § | |
| CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, | § § § § | CIVIL ACTION NO. 2:21-CV-00317-JRG (MEMBER CASE) |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

### I. INTRODUCTION

Before the Court is Defendants' 50(b) Motion for Judgment as a Matter of Law Regarding Invalidity ("the Motion"). (Dkt. No. 295.) In it Defendant AT&T Mobility, LLC ("AT&T") and Intervenor-Defendant Nokia of America Corporation ("Nokia") (collectively, "Defendants") move the Court to enter judgment as a matter of law under Federal Rule of Civil Procedure 50(b) that the patents asserted at trial are invalid. For the following reasons, the Court **DENIES** the Motion.

### II. BACKGROUND

At trial, Defendants' presented evidence through its expert, Mr. Proctor, that the two patents in suit— U.S. Patent Number 7,346,134 ("'134 Patent) and U.S. Patent Number 9,578,775 ("'775 Patent") (collectively, the "Asserted Patents")— were invalid as obvious under 35 U.S.C. § 103. (*See generally*, Dkt. No. 295.) Defendants did not put forth rebuttal evidence. (*See id.* at 1.) Nonetheless, the jury found that none of the asserted claims were invalid. (Dkt. No. 272 at 5.)

### III. LEGAL STANDARD

Judgment as a matter of law should only be granted "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find for the nonmovant." *Tercero v. Tex. Southmost College Dist.*, 989 F.3d 291, 299 (5th Cir. 2021). "The Fifth Circuit views all evidence in a light most favorable to the verdict and will reverse a jury's verdict only if the evidence points so overwhelmingly in favor of one party that reasonable jurors could not arrive at any contrary conclusion." *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1361 (Fed. Cir. 2018) (citing *Bagby Elevator Co. v. Schindler Elevator Corp.*, 609 F.3d 768, 773 (5th Cir. 2010)). A court must "resolve all conflicting evidence in favor of [the verdict] and refrain from weighing the evidence or making credibility determinations." *Gomez v. St. Jude Med. Daig. Div. Inc.*, 442 F.3d 919, 937–38 (5th Cir. 2006).

Claims are invalid under § 103 where "the claimed invention as a whole would have been obvious" to a skilled artisan "before the effective filing date" of the patents. 35 U.S.C. §103. Proving obviousness requires showing that the prior art suggests the claim limitations and "a skilled artisan would have been motivated to combine the teachings of the prior art references" and "would have had a reasonable expectation of success in doing so." *Pfizer, Inc. v. Apotex, Inc.*, 480 F.3d 1348, 1361 (Fed. Cir. 2007). "Obviousness is a question of law based on underlying findings of fact." *W. Union Co. v. MoneyGram Payment Sys., Inc.*, 626 F.3d 1361, 1369 (Fed. Cir. 2010). Obviousness must be established by clear and convincing evidence; a preponderance alone is insufficient. *Core Wireless Licensing v. LG Electronics*, 880 F.3d 1356, 1364 (Fed. Cir. 2018) (citing 35 U.S.C. § 282).

## IV. ANALYSIS

In their opening brief, Defendants argue that judgment of a matter of law with respect to invalidity should be granted because they presented unrebutted evidence that the patents-in-suit were obvious, and because there are no secondary considerations demonstrating non-obviousness. (Dkt. No. 295 at 1–10.)

In Plaintiff's response, it argues that it was not required to put on rebuttal evidence for the jury to find the patents not invalid. (Dkt. No. 307 at 1–2 (citing *Core Wireless*, 880 F.3d at 1363–64).) Moreover, Plaintiff contends that Mr. Proctor was a non-credible witness and that the jury was entitled to give his testimony no credit or weight. (Dkt. No. 307 at 2–5.) Plaintiff further contends that Defendants failed to show a motivation to combine. (Dkt. No. 307 at 5–7.) Finally, Plaintiff argues that there was overwhelming evidence of objective indicia of non-obviousness.

In reply, Defendants argue primarily that Mr. Proctor was not impeached, such that he presented credible testimony that the jury should have credited. (Dkt. No. 314 at 2–3.) They also argue that there was no evidence rebutting the presented motivations to combine. (Dkt. No. 314 at 1.) Plaintiff responds by arguing that Defendants' argument is insufficient to overcome the jury verdict. (Dkt. No. 328 at 2–3.)

The Court finds Defendants' arguments unpersuasive. It was the Defendants' burden of proving "by clear and convincing evidence" that the patents were invalid. *Core Wireless*, 880 F.3d at 1364. *See also*, 35 U.S.C. § 282 ("A patent shall be presumed valid. … The burden of establishing invalidity of a patent or any claim thereof shall rest on the party asserting such invalidity."). The jury found that Defendants' did not meet their burden, and the Court sees no basis to overturn this determination.

Indeed, in *Core Wireless*, the Federal Circuit held that "[b]ecause the burden rests with the alleged infringer to present clear and convincing evidence supporting a finding of invalidity, granting judgment as a matter of law for the party carrying the burden of proof is generally 'reserved for extreme cases.'" 880 F.3d at 1364. An "extreme case[]" would be when something drastic occurs, "such as when the opposing party's witness makes a key admission." *Id.* Importantly, the Federal Circuit also held that judgment as a matter of law is not warranted simply "because [the defendant] presented a prima facie case of [invalidity] and [plaintiff] failed to present any affirmative evidence in rebuttal." *Id.* at 1363–64. Although Defendants presented evidence of invalidity, while Plaintiff did not, it does not follow that judgment as a matter of law must be granted in Defendants' favor.

Further, the verdict indicates that Mr. Proctor was not a credible witness in the jury's mind. The Plaintiff points to multiple reasons why the jury could have found Mr. Proctor to have insufficient credibility: he was impeached, he contradicted himself, he tried to argue that the Court's construction contained words different than those that were indisputably on the page, he was evasive, and he was inattentive. (Dkt. No. 307 at 2–5.) As expected, Defendants disagree, arguing that Mr. Proctor bolstered his credibility, was not impeached, and did not contradict himself. (Dkt. No. 314 at 2–3.) Nonetheless, these *post hoc* attorney arguments are (1) insufficient to show that this is an "extreme case" warranting a grant of judgment as a matter of law, and (2) invite the Court to usurp the role of the jury to weigh a witness's credibility, which the Court will not do. *Core Wireless*, 880 F.3d at 1364; *Gomez*, 442 F.3d at 937–38 (holding that a court must "refrain from weighing the evidence or making credibility determinations").

Finally, the jury was entitled to determine whether there were any objective indicia of non-obviousness, and if not, whether the lack of secondary indicia demonstrated that the patents were

obvious. Despite the Defendants' urging, the Court will not now step into the jury's shoes after the verdict and substitute a different conclusion and result.

### V.   CONCLUSION

For the foregoing reasons, the Motion should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 29th day of August, 2023.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE